SETTLEMENT AGREEMENT

This agreement (hereinafter, "Agreement") is made by and between Ms. Cynthia Lee and the Fairfax County School Board (hereinafter "School Board").

## RECITALS

**R1.** The School Board employs Ms. Cynthia Lee (hereinafter, "Employee") as a Teacher pursuant to a continuing contract.

**R2.** The School Board and the Employee disagree regarding her performance as a Teacher and wish to resolve their dispute and all other matters relating to her employment as of the effective date of this settlement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained herein, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Recitals:** The recitals set forth above are fully incorporated into this Agreement.

2. **Voluntary Demotion and Reassignment of Employee:** Employee hereby tenders her request for a voluntary demotion to the position of Instructional Assistant. On behalf of the School Board, the Superintendent hereby approves the request for voluntary demotion and withdraws his dismissal recommendation; such dismissal recommendation being null and void. Human Resources shall assign her to an Instructional Assistant vacancy taking into account her preferences for location to the extent practicable. Nothing in the paragraph shall preclude the employee from locating her own assignment if she chooses to do so, and the hiring principal agrees.

3. **Conditions of Continued Employment:** Employee understands that she may not seek employment as a teacher with Fairfax County Public Schools and that the School Board will not consider her eligible for employment as a teacher. Employee may apply, and be considered, for nonteaching positions with Fairfax County Public Schools.

4. **Notice in the Event of Resignation:** If Employee obtains a position with an employer other than the School Board, the School Board shall require no more than five business days notice. If waiving this requirement does not, in the responsible school principal's opinion, pose a problem for continuity of instruction for students, this time requirement may be reduced.

SJ Exh. 1

5.  **Waiver of Claims:** Employee waives all claims of any kind she may have against the School Board and its officers, agents, and employees under federal, state, and local laws and regulations, arising from her employment including, but not limited to, claims based on age (including specifically, claims under the Age Discrimination in Employment Act), race, sex, disability, religion, national origin, genetic information (Genetic Information Discrimination Act) or any other employment discrimination; all claims relating to payment of salary or wages (including specifically claims under the Lily Ledbetter Fair Pay Act); and all claims of any kind based on contract, tort, or any claim whatsoever including, but not limited to, defamation, breach of contract, compensation, and infliction of emotional distress. Employee agrees to refrain from filing and hereby withdraws with prejudice her request for a fact-finding hearing, and any and all claims or grievances pertaining to her employment that she may have filed in any forum. Nothing in this paragraph shall bar Employee from taking action to enforce this Agreement.

Federal law requires the following provisions relating to the waiver of any claim under the Age Discrimination in Employment Act. The Teacher does not waive rights or claims that may arise after the date the waiver is executed. The Teacher waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled; this consideration is acknowledged to be the withdrawal of the Superintendent's recommendation that she be dismissed from her employment with FCPS and her continued employment with FCPS. Teacher shall consult with an attorney prior to executing this agreement. The Teacher has a period of twenty-one calendar days within which to consider this Agreement. The Teacher shall not be required to execute this Agreement before the twenty-second day after its receipt. For a period of seven calendar days following the execution of this Agreement, the Teacher may revoke the Agreement.

6.  **No Assignment of Claims:** Employee verifies that she has not heretofore assigned or transferred to any person or entity any claim or portion thereof relating in any way to this Agreement.

7.  **Future Recommendations:** Employee may direct all employment inquiries and requests for references relating to her to the Assistant Superintendent for Human Resources (currently, Dr. Phyllis Pajardo) or her designee, or to the Director of Employee Performance and Development (currently, Mr. Samuel Newman) or his designee. Human Resources shall direct all employment inquiries and requests for references relating to Employee to any of the persons identified in the previous sentence. The Employee's former principal, Jamey Chianetta, will direct any employment inquiry and/or request for reference for Employee to Human Resources for a response. In response to any such inquiries or requests for references, the Assistant Superintendent for Human Resources and/or the Director of Employee Performance and Development or either of their designees shall (i) provide the dates Employee was employed by the School Board, her position, and her beginning and ending salary, and (ii) if asked, state that the employee's position change from a teacher to an instructional

2

assistant was the result of a voluntary demotion. The Assistant Superintendent for Human Resources or his designee shall provide no further information stating, if necessary, that she or he cannot comment further.

This Agreement does not prevent Employee from requesting references relating to her from any employee of the School Board, nor is any employee of the School Board prevented from providing a reference on behalf of Employee. Employee understands and agrees that if any individual or organization requests a reference or other information about her from anyone other than the persons identified in the preceding paragraph, the School Board is not a guarantor for the information provided and will not be responsible for it or liable therefore. Any employee so contacted is in no way limited to what information he or she may provide.

8. **Confidentiality:** The terms and provisions of this Agreement, including its existence and the negotiations leading up to this Agreement, are strictly confidential and shall not be disclosed to any third party except (i) to the extent required by law; (ii) to secure advice from a legal or tax advisor, (iii) to Employee's employee organizational representative or legal counsel, (iv) to Employee's spouse, or (v) as permitted herein. If Employee discloses information pursuant to subsections (ii) (iii) or (iv), she shall instruct the recipient(s) that a condition of disclosure is their obligation to keep the information confidential. Notwithstanding the foregoing, Employee's resignation letter shall be filed in her personnel file. Further, this Agreement may be disclosed to any School Board employee who has a reasonable need to know of the existence and/or contents of this Agreement.

This Agreement shall be placed in a separate, sealed file (the "Sealed File") and not maintained as part of Employee's personnel file. The Assistant Superintendent for Human Resources or his designee shall maintain this Agreement in a separate Sealed File solely for the purpose of administering and enforcing this Agreement. The School Board shall remove from Employee's personnel file, including all local files, evaluations done during the 2011-2012 school year, any notices of Proposed Termination or Requests for Termination, but may maintain the same in the Sealed File. The Sealed File shall be accessible only to Employee, her representatives, the Assistant Superintendent for Human Resources, and his/her designee and/or representative, except as provided below.

Either party may use the documents in the Sealed File in defense of litigation, in response to government inquiry, or in response to legal process. The School Board also may use them for legitimate business processes of the School Board, but shall not use them in response to any third party employment inquiry regarding Employee. Nothing in this Agreement shall preclude the Assistant Superintendent, Director or his/her designee from responding honestly and completely in response to government inquiry regarding Employee's employment with or resignation from School Board employment, as provided above. It is expressly agreed and understood that the provisions of this paragraph are material terms of this Agreement.

3

9. **Release of Personnel File**: Notwithstanding the foregoing, the School Board or anyone acting on its behalf shall release the contents of Employee's personnel file to a third party only as provided by law and FCPS policy. The contents of, or any documents or information contained in, the Sealed File shall not be considered contents of Employee's personnel file.

10. **Right of Access to Files**: Employee shall have the right as provided by law to review and copy, upon request, any and all non-privileged files about Employee that are maintained by the School Board, provided that she may not inspect or copy student information in such files except as allowed by law

11. **No Admission of Liability**: The parties acknowledge and agree that by entering into this Agreement, neither party admits any wrongdoing, fault or liability of any kind whatsoever. Each party shall bear its own attorney fees and costs.

12. **Entire Agreement**: This Agreement constitutes the entire agreement and understanding between the parties. No other representations, inducements, or agreements between the parties, oral or otherwise, which are not expressly set forth herein, shall be of any force or effect. This Agreement may not be modified, changed, terminated, or waived, in whole or in part, orally or in any other manner, except through an agreement in writing duly executed by authorized representatives of the parties.

13. **Binding Effect**: This Agreement, including the releases contained herein, shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, predecessors, heirs, successors, transferees, assigns, agents, and attorneys.

14. **Counterparts**: This Agreement may be signed in counterparts all of which, when taken together, shall constitute the entire agreement and any of which shall be deemed to be an original.

15. **Severability**: If any provision or any part of any provision of this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision or part thereof had never been contained herein, but only to the extent of its invalidity, illegality, or unenforceability.

16. **Paragraph Headings:** The paragraph and other headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

17. **Acknowledgement and Authority:** Each party acknowledges that it has been represented by legal counsel in the negotiation and execution of this Agreement and that the terms and conditions of this Agreement have been completely read and understood. Each party further agrees that it enters into this Agreement voluntarily and that it is the respective party's intention to be legally bound hereby.

18. **Governing Law:** This Agreement shall be governed by the laws of the Commonwealth of Virginia.

19. **Waiver of Enforceability of Agreement:** No failure or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power, or privilege hereunder.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date set forth below.

_____  8/29/12
Cynthia Lee                Date

_____  9/10/12
Phyllis Pajardo            Date
Assistant Superintendent, Human Resources
Fairfax County Public Schools